Paul **RUIZ** and Earl Van Denton, Appellants,

v.

A.L. **LOCKHART**, Director, Arkansas Department of Correction, and Steve Clark, Attorney General of Arkansas, Appellees.

No. 83–2319.

United States Court of Appeals, Eighth Circuit.

Submitted July 6, 1984 *.

Decided Jan. 31, 1985.

---

* This case was argued on May 15, 1984, but not finally submitted to the panel for decision until July 6, 1984, when the last post-argument brief was filed with leave of court.

See also 275 Ark. 410, 630 S.W.2d 44.

Ron Heller, Hollingsworth & Heller, P.A., Little Rock, Ark., for appellants.

Steve Clark, Atty. Gen., by Victra L. Fewell, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN, BENNETT ** and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

The appellants Paul Ruiz and Earl Van Denton were charged with capital felony murder, convicted, and sentenced to death by the jury. The District Court dismissed their petition for habeas corpus. They appeal, arguing, among other things, that because their jury was "death-qualified" it was neither impartial nor a representative cross-section of the community. This case is governed by our decisions in *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985) (en banc), and *Woodard v. Sargent*, 753 F.2d 694 (8th Cir.1985). We therefore reverse the judgment and remand the cause with directions to grant the writ unless the State, within such reasonable time as the District

** The Hon. Marion T. Bennett, United States Circuit Judge for the Federal Circuit, sitting by designation.

Court may fix, commences proceedings to retry the appellants.[1]

## I.

■ In *Grigsby* we held that the exclusion for cause of jurors who hold absolute scruples against the death penalty creates a conviction-prone jury. Such a jury is not a representative cross-section of the community, nor is it impartial on the issue of guilt or innocence. *Grigsby,* at 228–29, 242, 243. And in *Woodard* we held that the *Grigsby* rule directly affected the truth-finding function of the jury and therefore is to be applied "retroactively" to cases, such as Ruiz's and Van Denton's, that were tried before *Grigsby* was handed down. *Woodard,* at 696.

■ The State argues that even if *Grigsby* is correctly decided and applies to this case, appellants are still entitled to no relief because they did not properly preserve their *Grigsby* point in the state courts. Appellants reply that the point was properly preserved, and that even if it was not they can satisfy the cause-and-prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and so should be allowed to raise the issue in this federal habeas proceeding. We hold that the *Grigsby* argument was actually rejected on its merits by the Supreme Court of Arkansas. It is therefore open on federal habeas, entirely apart from whether "cause" and "prejudice" can be shown. *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

The parties have greatly aided our consideration of this procedural question by stipulating as to the course of proceedings in the state courts. They agree that the "*Grigsby* issue" was raised at trial. Designated Record (D.R.) 21. (In fact, defendants asked leave to introduce evidence on the question of conviction-proneness, and the state trial court, believing itself bound by an opinion of the Supreme Court of Arkansas, declined to hear the evidence. R. 502–03.[2]). The State argues, however, that the issue was waived when defendants' counsel did not press it on the direct appeal from their conviction.

■ Defendants' brief contained seven major argument headings. The last one read in substance as follows:

> G. OTHER OBJECTIONS RAISED DURING THE TRIAL BUT NOT ARGUED ON APPEAL.
>
> 1. Whether a death-qualified jury is prosecution prone (*Grigsby* issue).

D.R. 21. The *Grigsby* point was thus mentioned in the brief as an objection that had been made at trial, but the brief contained no legal argument in support of it. It was simply stated as one issue in a five-page list containing every ruling adverse to the defendants that had been made by the trial court. Certainly the State would be within its rights in adopting a rule of procedure that would preclude appellate consideration of a point so cursorily made in a brief. The question facing us, though, is not what rules of procedure the State may adopt, but what rules it has adopted and invoked to preclude consideration of the point appellants now urge upon us.

The answer to this question is in the opinion of the Supreme Court of Arkansas. The opinion does not mention the *Grigsby* point in so many words, either to reject it on the merits or to hold it procedurally waived because not argued in the brief, but it concludes with the following statement:

> Counsel for appellants and for appellee, following our rules, have cited and commented on many objections raised below but not argued on appeal. It would be of no value to list them singly as we find no prejudicial errors.

---

1. We do not reach the other legal challenges asserted by Ruiz and Van Denton, and express no view on the merits of these points.

2. This reference is to the transcript of the trial in the Circuit Court of Conway County, Arkan-

sas, as paginated in the record on appeal to the Supreme Court of Arkansas in *Ruiz & Van Denton v. State,* 273 Ark. 94, 617 S.W.2d 6, *cert. denied,* 454 U.S. 1093, 102 S.Ct. 659, 70 L.Ed.2d 631 (1981).

273 Ark. at 106, 617 S.W.2d at 13. We think this is a holding on the merits, designed to encompass all those points, including *Grigsby*, listed but not argued under appellants' heading G, quoted above. This refusal to rest on a procedural waiver, this willingness to consider any point properly made at trial, even though not argued in the brief on appeal, is in fact the normal practice of the Supreme Court of Arkansas in capital cases. *E.g., Singleton v. State,* 274 Ark. 126, 133, 623 S.W.2d 180, 183 (1981); Ark.Stat.Ann. § 43–2725 (Repl. 1977). When life is at stake, that Court has long taken the trouble to make its own examination of the record and reject or accept on their merits all objections made at trial, whether or not pressed in the appellants' brief. This is what happened here: the *Grigsby* argument, having been properly preserved in the trial court, was considered and decided on the merits by the Supreme Court, despite the absence of argumentation in appellants' brief. It is therefore not barred on federal habeas.

## II.

The District Court explained its holding against appellants as follows:

> Although petitioners raised the objection in the State proceeding that a death qualified jury is guilt prone, the preservation of the issue is of no avail unless they can demonstrate prejudice. This Court has carefully reviewed the transcript of petitioners' trial and is firmly convinced that the proof of their guilt was overwhelming. The evidence presented against petitioners would lead any rational juror, death qualified or not, to the conclusion that petitioners committed the offenses with which they were charged.

*Ruiz & Van Denton v. Lockhart,* No. PB–C–82–376 (E.D.Ark. Aug. 25, 1983), slip op. 2.

█ We do not agree with this statement of the law. The right to be tried by an impartial and representative jury is basic. "The underrepresentation of a distinct group from a petit jury brought about by systematic challenge for cause affects the integrity of the entire jury system and no actual prejudice need be shown." *Grigsby v. Mabry, supra,* at 242. As the Supreme Court said in a similar context in *Tumey v. Ohio,* 273 U.S. 510, 535, 47 S.Ct. 437, 445, 71 L.Ed. 749 (1927):

> It is finally argued that the evidence shows clearly that the defendant was guilty ... and therefore that he can not complain of a lack of due process .... No matter what the evidence was against him, he had the right to have an impartial judge.

So here, no matter what the evidence was against them, Ruiz and Van Denton had the right to an impartial jury, not one composed of a group whose attitudes make them more conviction-prone than the public at large.

*Pickens v. Lockhart,* 714 F.2d 1455, 1458 n. 2 (8th Cir.1983), is not to the contrary. We rejected Pickens's *Grigsby* claim because the evidence of his guilt was overwhelming. We did so, however, not because "prejudice" must always be shown in order to make a successful collateral attack, but because Pickens had not made the prone-to-convict argument either at trial or at *any* stage of the proceedings in the state courts. In order to make his *Grigsby* argument on federal habeas, therefore, Pickens had to show both "cause" and "prejudice." Because his guilt was overwhelmingly established by the evidence, he could not show "prejudice." But here Ruiz and Van Denton did preserve their argument properly in the state courts and receive a decision from the Supreme Court of Arkansas rejecting it on its merits. They do not have to show "cause" and "prejudice" to get past the door of the habeas court. Their impartial-jury claim is presented head-on; it is not merely seen darkly through a *Wainwright* glass. And on such a claim prejudice in the individual case has no bearing.

## III.

We are well aware that the result reached in this opinion will impose substan-

tial expense and inconvenience on the State. These consequences are regrettable, but they are, in our view, required in order to ensure that appellants are tried by an impartial jury, and the more so in a case involving life and death. Our governments, federal and state, are limited by written constitutions, a vital part of which is the Bill of Rights. It is our duty to enforce that document strictly. In doing so, we are disagreeing with our Brothers on the Supreme Court of Arkansas. It is, we hope, unnecessary to say that our disagreement implies no disrespect. That Court, like this one, is sworn to uphold the Constitution of the United States, and it does its duty case by case, just as we do. Having reached a conclusion after full reflection at variance with that of the Supreme Court of Arkansas, we cannot shirk the duty to say so.

The judgment is reversed, and the cause remanded to the District Court with directions to grant the writ of habeas corpus unless the State commences proceedings to retry Ruiz and Van Denton within such reasonable time as the District Court may fix.

It is so ordered.