**Paul RUIZ and Earl Van Denton, Appellants,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction and Steve Clark, Attorney General of the State of Arkansas, Appellees.**

**No. 83–2319.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1986.

Decided Nov. 20, 1986.

Rehearing and Rehearing En Banc Denied Jan. 28, 1987.

Ron Heller, Little Rock, Ark., for appellants.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before McMILLIAN, ARNOLD, and JOHN R. GIBSON, Circuit Judges.

ARNOLD, Circuit Judge.

These death-penalty cases are once again before us, on remand from the Supreme Court of the United States.

The appellants, Paul Ruiz and Earl Van Denton, were charged with capital felony murder, convicted, and sentenced to death by the jury. After exhausting their remedies in the State courts, they filed a petition for federal habeas corpus, which was dismissed by the District Court. When this case was last before us, we reversed, holding these convictions invalid under the rule of *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985) (en banc), in which this Court held that so-called "death-qualified juries," from which all persons who refused to consider the death penalty had been excluded, were not fairly representative of the community and were not impartial on the question of guilt or innocence. Since the jury that tried these cases was "death-qualified," we directed that the convictions be set aside and that appellants be freed unless the State chose, within a reasonable time, to try them again before a constitutionally selected jury. *Ruiz v. Lockhart*, 754 F.2d 254 (8th Cir.1985).

As we have noted in *Woodard v. Sargent*, 806 F.2d 153, a companion case in which our opinion is also being filed today, our holding in *Grigsby* has been reversed by the Supreme Court. *Lockhart v. McCree*, — U.S. ——, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986). Our judgment in the present cases has been vacated, and the cause remanded for reconsideration in light of *Lockhart v. McCree*. *Lockhart v. Ruiz*, — U.S. ——, 106 S.Ct. 1964, 90 L.Ed.2d 649 (1986).

It now becomes our duty, therefore, to examine the other arguments Ruiz and Van Denton make against their conviction and sentence, none of which we reached on the prior appeal. See *Ruiz v. Lockhart*, 754 F.2d at 256 n. 1. We now hold that all of the arguments urged as invalidating the convictions themselves are without merit. The convictions will stand. The sentences of death, however, will be set aside as constitutionally invalid, for reasons to be explained in this opinion.

### I.

We first note briefly those arguments made by Ruiz and Van Denton that, if upheld, would have the effect of invalidating their convictions. They argue that three members of the venire should have been excluded under *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and that they were improperly deprived of a second opportunity to voir dire the jury prior to the penalty phase of their trial. We have carefully considered these arguments and hold that they are without merit. We do not believe they are sufficiently substantial to deserve more extended discussion.

## II.

Appellants also argue that their death penalty should be set aside under the rule of *Collins v. Lockhart*, 754 F.2d 258 (8th Cir.), *cert. denied,* ── U.S. ──, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985). One of the aggravating circumstances found by the jury in appellants' case was that the murders were committed for pecuniary gain. In addition, just as in Woodard's case, appellants were charged with that form of capital felony murder that comes into play when an unlawful killing is committed by a person engaged in the perpetration of robbery. Thus, just as in Woodard's and Collins's cases, one of the aggravating circumstances found by the jury here duplicates an element of the underlying capital crime. *Collins* so holds, and *Collins* is the law of this Circuit.

The State suggests that *Collins* should not be applied "retroactively." We decided *Collins* in 1985, and the trial involved in this appeal took place long before that. We must reject this argument for the same reason given in our opinion in Woodard's case. When Ruiz's and Van Denton's cases were first appealed to this Court from the District Court's denial of habeas corpus relief, the *Collins* argument was made. These cases were argued before us at the same session of Court, and before the same panel, before which *Collins* and *Woodard* were argued. Our opinion on the prior appeal in these cases did not reach the *Collins* point, but only because it was unnecessary to do so. These convictions had been set aside on the basis of the *Grigsby* argument, having to do with death-qualified juries. It was therefore not necessary, and would have been imprudent as a matter of opinion-writing, for us to go ahead and address other arguments made by Ruiz and Van Denton, especially other arguments, like this one, that went only to the validity of their sentences.

As in *Woodard,* we hold that Ruiz and Van Denton are entitled to the benefit of the ruling in *Collins.* We add that the State, while not conceding its legal position, appeared to agree at argument that it would be an extreme inequity to deny to Ruiz, Van Denton, and Woodard the benefit of the *Collins* rule.

Judge Arnold: Well, suppose we agree. We say it doesn't apply because your trial took place before *Collins* was handed down. So as Ruiz, Van Denton, and Woodard are being taken out of Death Row to their death they go past Collins's cell. His trial occurred four years before theirs did. How are you going to explain that to them? Or I guess I should say how are we going to?

Counsel for Appellee: Well, it certainly presents a difficult question-and I can only acknowledge the difficulty that it puts the Court in. I don't know beyond that what to say. There are certainly inequities in the way the judicial system works and in this particular case that would be an extreme one, I'll grant you that. Beyond that I don't know what to say, your Honor.

Partial transcript of oral argument, September 8, 1986.

The State also contends that *Collins* is distinguishable from the present case because it involved a violation of a now-repealed version of Arkansas's robbery statute, Ark.Stat.Ann. § 41–3601 (Repl.1964). That statute defined robbery as "the ... violent taking of any goods, money or other valuable thing...." By the time of the crime committed by Ruiz and Van Denton, a new robbery statute was in effect, Ark. Stat.Ann. § 41–2103 (Repl.1977), which defines robbery as follows:

(1) A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another.

The State argues, citing *Novak v. State,* 287 Ark. 271, 273–74, 698 S.W.2d 499, 501 (1985), that under the current robbery statute the State may prove robbery, or, by extension, robbery-murder, without regard to the value of the property that the defendant obtained or attempted to obtain. We have no difficulty accepting this state-

ment as to the meaning of the present robbery statute, but it wholly fails to refute the rationale underlying our holding in *Collins.* That case did not depend upon the theory that property of any particular value, in dollars, had to be taken. It depended rather upon the view that robbery had to involve either the taking or the attempted taking of some thing necessarily possessing *some* value. This is still an element of robbery, and therefore of robbery-murder, under Arkansas law, so the State's attempt to distinguish *Collins* must be rejected.

### III.

To summarize: we uphold the validity of Ruiz's and Van Denton's convictions. We hold, however, that because the aggravating circumstance of pecuniary gain is invalid as applied in cases of capital felony murder committed during the course of robberies, the death penalties imposed in this case were also invalid and must be set aside. The judgment of the District Court is therefore reversed, and this cause is remanded with instructions to that Court to enter judgment reducing appellants' punishment to life imprisonment without parole, unless the State, within such reasonable time as the District Court may fix, commences proceedings to re-try the question of punishment, these new proceedings to be conducted in accordance with the law set out in this opinion.

It is so ordered.[1]

---

1. Shortly before the oral argument we received a letter from appellants asking that their appointed counsel be relieved and that new counsel be appointed to represent them. This request is denied. Appointed counsel has done nothing to deserve such action.