**Gary Lindell FERGUSON, Appellant,**

v.

**James M. JONES, Superintendent, Missouri Training Center for Men, Appellee.**

**No. 89–2284.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1990.

Decided June 5, 1990.

Robert J. Will, St. Louis, Mo., for appellant.

Jared R. Cone, Jefferson City, Mo., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Gary Lindell Ferguson appeals from the district court's [1] order, adopting the recommendation of the magistrate [2] that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. We affirm.

On June 13, 1981, Henry Garbo looked out his apartment window and observed two males identified as Ferguson and Billy Griffin remove the door lock and enter his automobile, a 1980 metallic gray Chevrolet Camaro Z–28. When the men saw they were being observed, they exited the car and fled the scene. Two days later Garbo awakened to look out his window and find that his car was gone. At approximately 4:00 a.m. on June 27, 1981, officers were conducting surveillance at Garbo's apartment complex when they observed a male get out of his car, peer into a parked vehicle, and then return to his car. Police stopped the vehicle and arrested Ferguson. Ferguson's girlfriend, Angela Gray, was also in the vehicle. Officers searched the trunk and recovered a set of license plates, a dent puller, drill, and other miscellaneous tools. During Ferguson's booking process, a piece of paper listing automobiles' makes, models, and years was removed from his wallet. One entry, " '80 or '81 gray Z–28," along with three others, was crossed off and marked "OK."

Garbo subsequently identified Ferguson from a photo lineup. A state court jury convicted him of attempting to steal a motor vehicle. As a result of two prior felony convictions, Ferguson was sentenced as a persistent offender to ten years imprisonment. His conviction was affirmed on direct appeal, *State v. Ferguson*, 678 S.W.2d 873 (Mo.App.1984), and post-conviction re-

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Honorable Robert D. Kingsland, United States Magistrate for the Eastern District of Missouri.

lief was denied. Here, Ferguson argues that the district court erred in denying habeas relief: (1) because evidence of the car theft and list was admitted; (2) because the burglary tools were admitted after they were allegedly seized without a warrant or probable cause; (3) because the prosecutor was improperly allowed to argue the auto theft and refer to the list as a "shopping list;" (4) because the district court failed to appoint counsel and grant an evidentiary hearing; and (5) for the reason that the evidence was insufficient to convict.

■ Ferguson contends that admission of evidence of the subsequent theft and the list of vehicles was highly prejudicial, leading to an inference that he was guilty of actual theft. "[Q]uestions concerning the admissibility of evidence are matters of state law, and are reviewable in federal habeas corpus proceedings only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." *Manning–El v. Wyrick*, 738 F.2d 321, 322 (8th Cir.) (per curiam), *cert. denied*, 469 U.S. 919, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). "In order to establish denial of due process, [Ferguson] must prove that the asserted error was so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived him of fundamental fairness." *Id.* at 323. In making this determination, we review the totality of the facts in the case and analyze the fairness of the trial. *Id.*

On Ferguson's direct appeal, the Missouri Court of Appeals found that the "evidence [of the subsequent theft of the automobile] was relevant in that it corroborated the other evidence linking the defendant to the alleged tampering." *State v. Ferguson, supra*, 678 S.W.2d at 878. Under Missouri law, evidence is admissible if it tends to prove a fact in issue or corroborates other relevant evidence. *State v. Wood*, 596 S.W.2d 394, 402 (Mo.) (en banc), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). We believe the evidence was clearly corroborative as it showed intent and a common scheme or plan. We conclude Ferguson has not made the requisite showing that the evidence fatally infected his trial.

■ It is conceded that the tools in the trunk were taken after an unlawful search. *State v. Ferguson, supra*, 678 S.W.2d at 876. The Missouri Court of Appeals, however, believed the items would have been obtained in a routine inventory taken upon impoundment of the vehicle. The court relied on the "inevitable discovery" doctrine, although the vehicle belonged to Angela Gray who was detained but not arrested. *Id.* Ferguson raised the search and seizure issue in a pretrial motion to suppress, in a motion for a new trial, and on direct appeal. An extensive hearing was conducted on his motion to suppress. Appellee claims habeas review is not cognizable because Ferguson had a full and fair opportunity to litigate the matter. We agree that Ferguson is not entitled to habeas relief as he has had a full and fair opportunity in state court to litigate his fourth amendment issue. *See Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976).

■ Ferguson points out that in his closing argument, the prosecutor referred four times to the list as a "shopping list" and to the entry "'80 or '81 gray Z–28" as "Garbo's automobile." The prosecutor further referred to the theft as circumstantial evidence. Ferguson claims he was prejudiced by the cumulative effect of these remarks and that they inferred his involvement in crimes other than the one for which he was being prosecuted. The Missouri Court of Appeals and the magistrate found that this argument was not cognizable. Ferguson did not object at trial on the legal theory raised in his habeas petition, nor did he raise the issue on direct appeal. The magistrate found under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that Ferguson failed to allege or demonstrate cause for default and actual prejudice. Ferguson's third claim is procedurally barred.

■ The decision of the district court with regard to appointment of counsel is reviewed for an abuse of discretion. *Williams v. Missouri*, 640 F.2d 140, 144 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). A feder-

al court should grant a hearing if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court. *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983). Here, Ferguson received a fair evidentiary hearing in state court. His was the only testimony because neither Garbo nor trial counsel was subpoenaed to testify. With regard to appointment of counsel, because the issues were straightforward and capable of resolution on the record, appointment of counsel was not warranted. Accordingly, we find no abuse of discretion in the district court's failure to appoint counsel or conduct a hearing.

Finally, Ferguson claims the evidence was insufficient to convict him. Ferguson concedes that he did not expressly raise this issue on direct appeal, but argues that the substance of the issue was fairly presented to the state court in that without the alleged improperly admitted evidence, there was insufficient evidence to convict. The magistrate found that Ferguson failed to preserve this issue and failed to show cause and prejudice under *Wainwright, supra*. We rule that this issue is procedurally barred, as Ferguson failed to provide the state courts an opportunity to rule on it.

Accordingly, we affirm the district court's denial of habeas relief.