972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Orville R. LUKE, Appellant,
v.
STATE of Iowa; Iowa State Penitentiary, Appellees.
 No. 92-1175.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 26, 1992.
Filed: July 15, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Orville Luke appeals from the final judgment entered by the District Court[1] for the Southern District of Iowa denying his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. For reversal Luke argues the district court erred in holding that the admission of certain evidence at his state criminal trial did not violate his right to due process. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 The State charged Luke and his accomplice with three counts of first-degree murder and two counts of first-degree arson following an investigation of two fires that occurred during the early morning hours of March 19, 1983. Before trial, the accomplice pleaded guilty to reduced charges and agreed to testify against Luke. On Luke's motion, the trial court severed Count V, the arson count pertaining to the second fire. During Luke's trial on Counts I-IV, the murder and arson charges resulting from the first fire, the court permitted the State, over objection, to admit certain physical evidence and to elicit testimony from several witnesses regarding the second fire.
 
 
 3
 The jury found Luke guilty on all counts, and these convictions were affirmed on appeal. State v. Luke, No. 83-1336 (Iowa Ct. App. Nov. 20, 1984). Luke unsuccessfully sought postconviction relief. Luke v. State, No. 89-1245 (Iowa Ct. App. Nov. 29, 1990). In this habeas petition, Luke claimed that the challenged evidence was so prejudicial as to result in a fundamentally unfair trial. The district court denied relief, concluding that the evidence was not "so conspicuously erroneous and prejudicial as to fatally infect the trial," thus depriving Luke of fundamental fairness. See Ferguson v. Jones, 905 F.2d 211, 213 (8th Cir. 1990).
 
 
 4
 The district court correctly observed that its role is not to reexamine state court determinations on state law questions, but to decide whether such rulings violated the federal constitution. See Estelle v. McGuire, 112 S. Ct. 475, 480 (1991). We agree with the district court's conclusion that admission of the challenged evidence and testimony was not so prejudicial as to deny Luke due process. See Ferguson, 905 F.2d at 213.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa