**Fred DANDRIDGE, Appellant,**

v.

**A.L. LOCKHART, Appellee.**

No. 93–3032.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Oct. 6, 1994.

Rehearing Denied Oct. 31, 1994.

Dewell Franklin Arey, III, Conway, AR, argued, for appellant.

Olan Warren Reeves, Asst. U.S. Atty., Little Rock, AR, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Fred Dandridge, an Arkansas prisoner, appeals the district court's[1] denial of habeas relief under 28 U.S.C. § 2254. The district court found Dandridge's claims[2] procedural-

---

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas, adopting the findings and recommendations of the Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

2. Dandridge's habeas petition initially contained two claims: ineffective assistance of counsel and newly discovered evidence. At oral argument, Dandridge withdrew the newly discovered evidence claim.

ly barred and the "actual innocence" exception inapplicable. On appeal, Dandridge alleges "actual innocence." He claims that it was physically impossible for him to have committed the kidnapping and rape for which he was convicted. He contends his employer's testimony and records prove that while the rape occurred, he was finishing work across town. However, the jury did not hear this evidence because his trial counsel did not investigate the alibi defense. Because we find that a reasonable juror could still convict Dandridge despite his work alibi, we affirm.

## I. BACKGROUND

An Arkansas jury convicted Dandridge of two counts of rape, two counts of kidnapping, terroristic threatening and being a felon in possession of a firearm. Dandridge received a sentence of 182 years. At issue here are his convictions resulting from the kidnap and rape of a high school student on May 22, 1985.[3]

After Dandridge exhausted his state postconviction remedies, he filed this habeas petition challenging the convictions for the May 22 incident. He alleges ineffective assistance of counsel due to failure to investigate his alibi defense. The district court found that Dandridge had not specifically alleged failure to investigate his alibi defense in state court and that Dandridge had not shown cause for his failure to advance the claim. Consequently, the court held that his habeas petition was procedurally barred. The district court also found that Dandridge did not satisfy the actual innocence exception because a reasonable juror could still find Dandridge guilty despite his alibi defense.

## II. DISCUSSION

■ "Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of ... procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." *Sawyer v. Whitley,* —— U.S.

——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992) (citations omitted). However, if a habeas petitioner can establish "actual innocence," a court may analyze the merits of a procedurally defaulted claim. *Murray v. Carrier,* 477 U.S. 478, 497, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986).

■ The only issue before us is whether Dandridge meets the "actual innocence" exception. "Actual innocence is 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo,* 11 F.3d 738, 740 (8th Cir.1993) (quoting *Herrera v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993)), *cert. granted,* —— U.S. ——, 114 S.Ct. 1368, 128 L.Ed.2d 45 (1994). To invoke the actual innocence exception, a habeas petitioner must prove "'by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" *McCoy v. Lockhart,* 969 F.2d 649, 651 (8th Cir.1992) (quoting *Sawyer v. Whitley,* —— U.S. at ——, 112 S.Ct. at 2515), *cert. denied,* —— U.S. ——, 113 S.Ct. 3056, 125 L.Ed.2d 739 (1993) (alteration in original).[4] We review claims of actual innocence de novo. *Cornell v. Nix,* 976 F.2d 376, 381 (8th Cir.1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 1820, 123 L.Ed.2d 450 (1993).

Dandridge's purported showing of actual innocence involves the timing of the kidnapping and rape. At trial, the victim testified that a man, whom she later identified as Dandridge, abducted her outside Mills High School sometime after 4:00 p.m. on May 22. She testified that Dandridge immediately took her to the nature trail behind the school, and raped her there. After that, he ran in one direction, and she ran the other way. A witness, Barbara Montague, testified that she saw the victim stumbling along the road at approximately 4:15 p.m., or between 4:15

3. Dandridge does not appeal the convictions resulting from the abduction and rape of the same high school student on September 11, 1985.

4. Although the *Sawyer* Court applied the actual innocence test to sentencing proceedings in a

death penalty case, this circuit applies the same actual innocence test in habeas challenges to convictions. *McCoy,* 969 F.2d at 651; *Schlup,* 11 F.3d at 740.

and 4:30 p.m. Montague stopped and took the victim to get help.

In support of his actual innocence claim, Dandridge argues he was finishing work around 4:00 p.m. on May 22 and could not have abducted the victim. Dandridge presented supporting testimony at an evidentiary hearing before the Magistrate Judge. The testimony established that Dandridge was employed by Ross Sparks Builders, Inc., as a construction worker. The company's payroll records indicate that Dandridge worked until 4:00 p.m. on May 22. A supervisor, Mr. Sparks, testified that he kept the payroll records, and that he only counted as present those employees actually there. However, Mr. Sparks could not precisely recall Dandridge's presence at 4:00 p.m. that day.

Dandridge further contends that his work location on May 22 proves he did not commit the kidnapping and rape. The work location was eight to ten miles away from Mills High School. He argues that the distance made it physically impossible for him to leave his job site at 4:00 p.m., drive the eight to ten miles to Mills High School, rape the victim, and leave by 4:15 or 4:30 p.m.

We disagree. Although Dandridge's allegations raise some doubt about his actions on May 22, the inconsistencies he addresses do not satisfy the actual innocence exception. Even with the employer's testimony and records, a reasonable jury could have been persuaded that Dandridge committed the rape. The time related evidence is not dispositive. A jury could believe that the employer's time sheets were inaccurate, that Dandridge left work early, or that the whole incident took place slightly later than Barbara Montague remembered. More significantly, a jury could place greater weight on the victim's identification of Dandridge as the man who abducted and raped her. In short, it is not possible to conclude that no reasonable juror would have found Dandridge guilty with respect to the May 22 kidnapping and rape.

## III. CONCLUSION

Because we find that Dandridge cannot establish a claim of actual innocence, we do

not reach the merits of his ineffective assistance of counsel claim.

Accordingly, the district court's judgment is affirmed.