_____

Nos. 94-3402EA, 94-3403EA
_____


_____                    *
                                       *
   No. 94-3402EA                       *
_____                    *
                                       *
Paul Ruiz, *                           *
                                       *
        Appellant,                     *
                                       *
   v.                                  *
                                       *
                                       *
Larry Norris, Director,                *
Arkansas Department of                 *
Correction,                            *
                                       *   On Appeal from the United
        Appellee.                      *   States District Court
                                       *   for the Eastern District
                                       *   of Arkansas.
_____                    *
                                       *
   No. 94-3403EA                       *
_____                    *
                                       *
Earl Van Denton,                       *
                                       *
        Appellant,                     *
                                       *
   v.                                  *
                                       *
                                       *
Larry Norris, Director,                *
Arkansas Department of                 *
Correction,                            *
                                       *
        Appellee.                      *

                     _____

        Submitted:  September 14, 1995

            Filed:  December 11, 1995
                     _____

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit
     Judges.

_____

RICHARD S. ARNOLD, Chief Judge.


     The habeas corpus petitions of Paul Ruiz and Earl Van Denton, both
of whom are under sentence of death, are once again before us.  Ruiz and
Denton have been convicted of capital murder and sentenced to die for the
killing of Marvin Ritchie, Town Marshal of the Town of Magazine, Arkansas,
and Opal James, an employee of the Corps of Engineers of the United States
Army.  The killings took place in 1977.  Ruiz and Denton have been tried
three times, and a brief account of the prior proceedings in these cases
is necessary to put in context the issues presented on the present appeal.


     The first trial took place in Logan County, Arkansas, and resulted
in the conviction of both defendants and the imposition of sentences of
death.  These first convictions occurred in 1978.  They were reversed by
the Supreme Court of Arkansas on the ground of error in denying a motion
for change of venue based on pervasive pretrial publicity.  Ruiz v. State,
265 Ark. 875, 582 S.W.2d 915 (1979).  After a change of venue to Conway
County, Arkansas, the appellants were again tried, convicted, and sentenced
to death.  After proceedings in the state courts, the nature of which is
summarized in prior opinions of this Court, we upheld the convictions but
set aside the sentence because one of the aggravating circumstances found
by the jury with respect to both appellants - that the murder was committed
for pecuniary gain - duplicated one of the elements of the underlying
capital felony murders, murder committed in the course of a robbery.  Ruiz
v. Lockhart, 806 F.2d 158 (8th Cir. 1986).[1]

_____

[1]In Collins v. Lockhart, 754 F.2d 258 (8th Cir.), cert.
denied, 474 U.S. 1013 (1985), we held that the aggravating
circumstance of murder for pecuniary gain was, by hypothesis,
duplicative of one of the elements of the offense of murder
committed in the course of a
robbery.  This aggravating factor, in the view of the Collins
court, thus failed to perform its function, essential under the
Eighth Amendment, of narrowing the class of murderers eligible for
the death penalty.  Our later decision in Ruiz was based on the
authority of Collins.  Later, in Perry v. Lockhart, 871 F.2d 1384

Thereafter, in response to our decision in <u>Ruiz</u>, the State of Arkansas undertook proceedings to retry the question of the penalty to be imposed on Ruiz and Denton. This retrial again resulted in sentences of death, which were affirmed by the Supreme Court of Arkansas. <u>Ruiz v. State</u>, 299 Ark. 144, 772 S.W.2d 297 (1989). The petitions for habeas corpus now before us on appeal followed.

The District Court,[2] for reasons given in a comprehensive opinion, dismissed the petitions. <u>Ruiz v. Norris</u>, 868 F. Supp. 1471 (E.D. Ark. 1994). Ruiz and Denton now appeal, raising a number of grounds for attacking their sentences, as well as one ground of attack on the underlying convictions. Having considered all of the arguments with the care appropriate to a case of this gravity, we now affirm. We shall discuss each of the grounds in turn.

I.

We begin with one of the six issues which Ruiz and Denton raise jointly -- that the District Court abused its discretion by refusing to hold an evidentiary hearing on their ineffective-assistance-of-counsel claim. According to the petitioners, the District Court rushed to judgment on their ineffective-assistance

_____

(8th Cir. 1989), we held that the intervening decision of the Supreme Court of the United States in <u>Lowenfield v. Phelps</u>, 484 U.S. 231 (1988), had effectively overruled our decision in <u>Collins</u>. Our decision in <u>Ruiz</u>, however, had long since become final and required that Ruiz and Denton be given a new sentencing hearing, notwithstanding the fact that <u>Collins</u> was no longer the law of this Circuit.

[2]The Hon. Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

-3-

claim. They argue that during the habeas process below, the Court indicated that an evidentiary hearing would be held on this issue, and then refused to hold the hearing. They also argue that they were not given a sufficient amount of time to develop the evidence necessary to demonstrate ineffective assistance of counsel.

Our review of the District Court's choice to decide the petitioners' ineffective-assistance claim without a hearing is for abuse of discretion. Nachtigall v. Class, 48 F.3d 1076, 1079 (8th Cir. 1995). We give de novo review, however, to the Court's holding that the petitioners' ineffective-assistance claim lacked merit. Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995).

Generally, a district court should hold an evidentiary hearing "if the facts are in dispute or if a fair evidentiary hearing was not conducted in state court." Ferguson v. Jones, 905 F.2d 211, 214 (1990). This is not true in all cases. For example, an evidentiary hearing is unnecessary and not required in cases "where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted." Amos v. State, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861 (1988). We think that this is just such a case for the reasons discussed below.

The petitioners cite an array of alleged trial errors attributed to counsel, including: (1) failure to persist in a request for a severance; (2) failure to raise a Batson-like objection to co-counsel's use of peremptory challenges to strike black jurors; (3) reliance on the same psychologist to evaluate both petitioners; (4) failure to challenge the sua sponte excusals of a large number of petit jurors; (5) failure to strike juror Elmer Guinn; (6) failure to present mitigation testimony at the sentencing stage from Ruiz's family; and (7) failure to present psychological testimony at the sentencing stage. The District Court considered each of the alleged errors in its opinion and found them to be without merit or procedurally barred:

-4-

> Petitioners have presented this Court with no specific examples of incidents at trial where trial counsel failed to exercise the customary skill and diligence that a competent attorney would have exercised under similar conditions. Petitioners have presented this Court with no specific arguments that, but for trial counsel's ineffectiveness, the outcome of their trial would have been different.

868 F. Supp. at 1557. After a careful review of the record and consideration of each of the alleged trial errors, we agree with the District Court's conclusion for the reasons so ably given in its opinion.

We cannot agree with the petitioners' assertion that the District Court rushed to judgment by dismissing their ineffective-assistance claim without holding an evidentiary hearing. A chronological sketch of the habeas proceeding is helpful in putting the Court's August 22, 1994, order dismissing the claim into perspective. This petition for habeas relief, the second for these petitioners, had been under consideration by the District Court since its filing on August 17, 1989. As amended, it raised twenty-one points of error. Three years of investigation, briefing, and supplemental briefing followed. On May 14, 1994, Ruiz's counsel from the beginning was replaced by his current counsel, and additional investigation and briefing followed. The District Court set July 22, 1994, as the final date for filing pleadings. The petitioners filed no additional pleadings setting forth evidence and legal arguments relating to their ineffective-assistance claim. App. 712.

On August 3, 1994, the District Court filed an 87-page Memorandum Opinion and Order dismissing the habeas petition and concluding that the petitioners' claims of ineffective assistance were unsubstantiated and conclusory. 868 F. Supp. at 1557. The

petitioners filed a Motion for Re-Hearing and requested an evidentiary hearing on August 12. App. 658. The District Court then granted the petitioners an opportunity to present their claims in appropriate form by August 22, 1994. In response to the Court's order, the petitioners filed a pleading captioned "Statement of Fact Issues, Witnesses And Expected Testimony Requiring An Evidentiary Hearing." App. 694. On the basis of the supplemented record before it, the District Court concluded that the petitioners "fail[ed] to allege factual issues which would require an evidentiary hearing." App. 721. We agree. The latest filing did not contain a clear offer of proof on any factual issue material to the claim of ineffective assistance of counsel.

We have outlined the history of this habeas petition to underscore the level of attention and patience afforded these petitioners by the District Court. We acknowledge that a potential conflict of interest existed in that Mr. Cambiano had served as trial counsel and habeas counsel for Ruiz, and that this conflict contributed to the petitioners' delay in raising this claim. But we are convinced that petitioners had ample opportunity to suggest issues of fact going to the question of ineffective assistance that would require an evidentiary hearing. This crime was committed in 1977. The present habeas petition was filed in 1989. There has hardly been a rush to judgment.

## II.

Next, we consider Ruiz's and Denton's claim that one of the aggravating circumstances presented to the jury duplicates an element of the death-eligible homicides presented to the jury -- murder committed in the course of a kidnapping, and murder committed in the course of a robbery. During the sentencing phase the jury was asked to consider several aggravating circumstances, including that "the murder was committed for the purpose of avoiding or preventing an arrest." The petitioners now claim that

it was error for the court to submit this circumstance to the jury because it duplicates an element of the underlying offenses of kidnapping[3] and robbery.[4]  They maintain that the statute as thus applied fails to perform the constitutionally required narrowing function.  See <u>Zant v. Stephens</u>, 462 U.S. 862 (1983).

This argument is simply a revised version of the argument successfully advanced by the petitioners in their preceding habeas petition, based on our holding in <u>Collins v. Lockhart</u>, 754 F.2d 258 (8th Cir.), <u>cert. denied</u>, 474 U.S. 1013 (1985).  See <u>supra</u> note 1.  Since that time, the law has changed in response to the Supreme Court's holding in <u>Lowenfield v. Phelps</u>, 484 U.S. 231 (1988).  Today, <u>Perry v. Lockhart</u>, 871 F.2d 1384 (8th Cir.), <u>cert. denied</u>, 493 U.S. 959 (1989), which was instructed by <u>Lowenfield</u>, is the law of this Circuit, see <u>Lockhart v. Fretwell</u>, 113 S. Ct. 838, 843-44 (1993) (assuming but not holding that <u>Perry</u> was correctly decided), and <u>Perry</u> controls this claim.  See <u>Fretwell</u>, 113 S. Ct. at 844

---

[3]The kidnapping instruction submitted to the jury read as follows:

> You are further instructed that the Arkansas Statutes further provide that a person commits the offense of kidnapping if without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of using such person as a shield or hostage or to facilitate the commission of any felony or flight thereafter.

App. 464-65.

[4]The robbery instruction submitted to the jury read as follows:

> You are instructed that the Arkansas Statutes provide that a person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter he employs or threatens to immediately employ physical force upon another.

App. 464.

-7-

(discussing the retroactive application of <u>Perry</u>).  In <u>Perry</u>, we held that Arkansas's capital-murder statute had sufficiently narrowed the "class of death eligible murderers from all other murderers" by "defin[ing] a specific group of crimes as capital murder eligible for the death penalty." 871 F.2d at 1393.  Thus, the fact that one or more of the aggravating circumstances considered by the jury may duplicate an element of the robbery or kidnapping homicides eligible for the death penalty, does not render Arkansas's death-penalty scheme unconstitutional or violate the petitioners' rights.

The petitioners urge us to reconsider <u>Perry</u>.  We may not do so.  See <u>Snell v. Lockhart</u>, 14 F.3d 1289, 1305 (8th Cir.), <u>cert. denied</u>, 115 S. Ct. 419 (1994).  This panel is "not at liberty to overrule the established law of the circuit."  <u>Ibid</u>.

III.

Ruiz and Denton also allege that the trial court committed constitutional error at the guilt phase of their second trial by submitting multiple theories of guilt to the jury without instructing the jurors that they must reach a unanimous verdict on at least one of the various theories advanced by the State.[5]  They

---

[5]The jury was instructed as follows:

> Paul Ruiz and Earl Van Denton are charged with the offense of capital murder.  To sustain this charge, the State must prove the following things beyond a reasonable doubt: Count one, first.  That Paul Ruiz and Earl Van Denton committed or attempted to commit the crimes of robbery or kidnapping or both.  Two, that in the course of it and in fervor of that crime or crimes or an immediate flight therefrom Paul Ruiz and Earl Van Denton caused the death of Marvin Ritchie or Opal James under circumstances manifesting an extreme indifference to the value of human life or count two, first, that with the premeditated

and deliberate purpose of causing the death of any person, Paul Ruiz and Earl Van Denton caused the death of Marvin Ritchie and

-8-

maintain that the trial court's failure to give the unanimity instruction is particularly egregious in this case because it involved two defendants, multiple victims, multiple crimes, and the use of a general verdict form. The District Court refused to grant relief, stating that the claim had not been properly raised in

---

Opal James. Second, that those deaths were caused in the course of the same criminal episode.

. . .

> As a part of count one of the charge of capital murder, the State contends that the death of Marvin Ritchie and Opal James occurred during the commission or attempted commission of the crimes of robbery, kidnapping, or both by Paul Ruiz and Earl Van Denton, or in immediate flight from the commission of either one or both of these crimes.
>
> To prove robbery, the State must prove beyond a reasonable doubt that, with the purpose of committing a theft, Paul Ruiz and Earl Van Denton employed or threatened to employ physical force upon another.
>
> . . .
>
> To prove kidnapping, the State must prove beyond a reasonable doubt first, that Paul Ruiz and Earl Van Denton did without consent of Marvin Ritchie, Opal James, and David Small, or any of them restrain all or any of them so as to interfere substantially with his liberty. And second, that Paul Ruiz and Earl Van Denton restrained Marvin Ritchie and Opal James and David Small or any of them with the purpose of A., using either of them as a shield or hostage; B., facilitating the commission of robbery or flight therefrom -- thereafter; C., inflicting physical injury on any of them; D., terrorizing any of them.

App. 524-26.

state court, and, in the alternative, that the claim had been raised in the first federal habeas proceeding, rejected at the trial level, and, apparently, not pursued at the appellate level. 868 F. Supp. at 1504.

Ruiz and Denton failed to raise this claim on the direct appeal from their second trial, or during their state postconviction proceedings. Thus, the claim is procedurally defaulted. A district court need not consider the merits of a procedurally defaulted claim. Dandridge v. Lockhart, 36 F.3d 773, 774 (8th Cir. 1994), cert. denied, 115 S. Ct. 1257 (1995).

In an effort to avoid the procedural bar, Ruiz and Denton contend that the general-verdict/unanimity issue is in effect the equivalent of their severance claim, which was advanced on direct appeal, in state postconviction proceedings, and in their first habeas. Even if we agreed with Ruiz's and Denton's characterization of this issue, which we do not, it would still fail as a successive claim. The District Court considering the petitioners' first habeas petition addressed the severance claim on the merits and decided it against Ruiz and Denton. Then, on appeal to this Court, the argument was not raised.

It is axiomatic that a district court may dismiss a successive habeas petition "asserting identical grounds for relief raised and decided adversely on the merits in an earlier petition." Olds v. Armontrout, 919 F.2d 1331, 1332 (8th Cir. 1990), cert. denied, 500 U.S. 908 (1991). Because the severance issue was raised in the petitioners' first habeas petition and rejected by the District Court at that time, the District Court did not abuse its discretion by dismissing the instant claim as successive.

It is true that a district court may hear a successive claim, without a showing of cause and prejudice, "when required to do so by the `ends of justice.'" Schlup v. Delo, 115 S. Ct. 851, 863

(1995) (quoting <u>Sanders v. United States</u>, 373 U.S. 1, 15 (1963)).  But the "ends of justice" require review of procedurally barred, abusive, or successive claims only in the narrowest type of case -- when a fundamental miscarriage of justice would otherwise result.  <u>Id</u>. at 864; see also <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991) ("the exception to cause for fundamental miscarriages of justice gives meaningful content to the otherwise unexplained `ends of justice' inquiry").  The miscarriage-of-justice exception allows a successive claim to be heard if the petitioner can "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  <u>Schlup</u>, 115 S. Ct. at 867 (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)).

Ruiz and Denton do not assert that they are actually innocent of the crime.  Instead they offer an explanation for their failure to advance this claim, or something close to it, in the appeal of their first habeas petition.  According to the petitioners, their post-conviction counsel did not pursue this claim vigorously during the appeal of their first habeas petition because other issues presented a greater likelihood of success, and another claim, in fact, resulted in habeas relief.  They contend that failure to pursue the instant claim at the appellate level should be excused.

We are not persuaded that Ruiz and Denton had no incentive to raise this issue during consideration of their previous habeas petition before this Court.  After considering Ruiz's and Denton's previous petition, we initially granted relief from the conviction on the authority of <u>Grigsby v. Mabry</u>, 758 F.2d 226 (8th Cir. 1985) (en banc), <u>rev'd sub nom. Lockhart v. McCree</u>, 476 U.S. 162 (1986).  <u>Ruiz v. Lockhart</u>, 754 F.2d 254 (8th Cir. 1985).  The Supreme Court subsequently reversed <u>Grigsby</u>, <u>Lockhart v. McCree</u>, <u>supra</u>, vacated our holding in Ruiz's and Denton's cases, and remanded the cases for reconsideration in light of <u>McCree</u>.  <u>Lockhart v. Ruiz</u>, 476 U.S. 1112 (1986).  Upon reconsideration we affirmed Ruiz's and Denton's convictions, but reversed their sentences on the authority of our

holding in Collins, supra.

Ruiz and Denton were aware at the time of remand from the Supreme Court that the validity of their convictions was once again being considered, and that their reliance on Grigsby had been undermined by the Supreme Court's decision in McCree. They do not claim that a motion was filed with this court for supplemental briefing on this unanimity claim, and our records indicate that no such motion was made. See Pollard v. Delo, 28 F.3d 887, 889 (8th Cir.) (recognizing that a critical part of appellate counsel's job is the "`winnowing of the issues to eliminate a sure loser.'" (quoting Horne v. Trickey, 895 F.2d 497, 500 (8th Cir. 1990))), cert. denied, 115 S. Ct. 518 (1994). We believe that the remand to this Court provided Ruiz and Denton with ample opportunity to request supplemental briefing, and to present the issue they now advance. Thus, the issue may not be considered on its merits now. We have considered Denton's argument that his first habeas counsel was ineffective, but there is no constitutional right to counsel on collateral review, and appointment of counsel in death-penalty habeas cases was discretionary when the first habeas petition was filed. See Coleman v. Thompson, 501 U.S. 722 (1991) (ineffectiveness of postconviction counsel cannot be "cause").

IV.

Ruiz and Denton raise several additional claims in this appeal. They argue that the resentencing verdict forms limited the jury's consideration of mitigating evidence. See Mills v. Maryland, 486 U.S. 367 (1988). They also argue that the District Court erred by refusing to hold an evidentiary hearing on the sua sponte dismissal, for failure to meet statutory qualifications, of a large number of veniremen. Finally, Ruiz, individually, argues that a severance should have been granted at the 1989 sentencing trial due to a Batson v. Kentucky, 476 U.S. 78 (1986), violation.

The District Court addressed each of these arguments comprehensively. We affirm and adopt the District Court's reasoning.

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.