**Earl Van DENTON and Paul Ruiz, Petitioners,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Respondent.**

No. 96–8171.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 2, 1997.

Decided Jan. 3, 1997.

Ray E. Hartenstein, Little Rock, AR, for appellant.

Darnisa Evans Johnson, Assistant Attorney General, Little Rock, AR, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

In *Ruiz v. Norris,* 71 F.3d 1404 (8th Cir. 1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 384, 136 L.Ed.2d 301 (1996), we upheld convictions of capital murder and sentences of death imposed on Paul Ruiz and Earl Van Denton.[1] The crimes were committed in 1977. Ruiz and Denton now move under Section 106(b)(3)(B) of the Anti–Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1217, 1220, codified as 28 U.S.C. § 2244(b)(3)(B), for an order authorizing them to file a second application for habeas corpus in the District Court. We deny the motion.

■ Petitioners were convicted of capital felony murder. They argue that as the case went to the jury they could have been found guilty without unanimous agreement on a single theory of the offense. This argument was made to us before, on the occasion of the last appearance of this case in our Court, and we rejected it as an abuse of the writ. *Ruiz v. Norris, supra,* 71 F.3d at 1408–10. The claim is therefore now barred by the express words of Section 106(b)(1) of the new statute, 28 U.S.C. § 2244(b)(1):

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

The statute could hardly be plainer. *Accord, Wainwright v. Norris,* No. 96–8168EA (8th Cir. January 2, 1997) (order).

■ Petitioners argue that the new law, if construed as a blanket ban[2] on same-claim successive petitions, is unconstitutional as a suspension of the writ of habeas corpus, in violation of Art. I, Section 9, Clause 2 of the Constitution. We disagree. See *Felker v. Turpin,* —— U.S. ——, 116 S.Ct. 2333, 2339–40, 135 L.Ed.2d 827 (1996). The statute is merely an elaboration on traditional abuse-of-the-writ doctrine. In addition, there was no general federal habeas corpus jurisdiction over persons in state custody until 1867. It would be strange indeed to hold that a mere regulation of repetitious requests for relief violates a clause of the original Constitution.

■ Petitioners argue that this result would deprive them of their liberty and life without due process of law. They attack the basis of our previous holding rejecting their claim as abusive. This holding was wrong, they say, because it was this Court's action, at an earlier stage of the case, that prevented them from getting a timely decision on the merits of their claim. They wanted their former appointed lawyer replaced, they say, so a new lawyer could be appointed and raise the unanimous-verdict claim they now put forward. This Court, they argue, simply denied their motion to relieve appointed counsel and refused to inquire into their reasons for the motion. This contention (which was made in petitioners' petition for rehearing following our last opinion, which petition we denied) is simply incorrect. We did deny petitioners' motion to relieve their former counsel, *Ruiz v. Lockhart,* 806 F.2d 158, 161 n. 1 (8th Cir.1986), but we did not refuse to inquire into anything. The motion was entirely general and said nothing about the lawyer's failure to raise the general-verdict/unanimity issue. We were never asked to inquire into anything, much less alerted to petitioners' desire to raise other issues going to the validity of their conviction.

■ We add one more point, though it is not necessary to our decision. In a prior opinion, 71 F.3d at 1408, we held that the

---

**1.** We have today filed an opinion denying a motion to recall our mandate in that case. *Ruiz v. Norris,* 104 F.3d 163 (8th Cir.1997).

**2.** There may be circumstances in which the statute should not be literally and woodenly applied.

See *Camarano v. Irvin,* 98 F.3d 44 (2d Cir.1996) (statute does not bar claim included in prior petition that was dismissed for failure to exhaust state remedies).

currently argued claim was barred because, among other things, it had not been preserved in the state courts. Petitioners reargue that issue in their present submission. We are not required to consider it again, but if we did we would reject it again. At the time of petitioners' last petition for rehearing, which was denied on February 28, 1996, we examined, page by page, each reference to the state-court record, trial and appellate, cited by petitioner. There are arguments about severance, jury confusion, and general unfairness aplenty. But nothing was said about submitting the case on instructions that permitted, arguably, a non-unanimous verdict, and no jury instruction requiring unanimous agreement on a single theory was requested.

The motion for leave to file a successive petition is denied. The motion for stay of execution is denied.

It is so ordered.