Johnny Wayne HENDERSON *v.* STATE of Arkansas

CR 84-199                                                    688 S.W.2d 734

Supreme Court of Arkansas
Opinion delivered May 6, 1985

*John W. Achor*, for appellant.

*Steve Clark*, Att'y Gen., by: *Velda P. West*, Asst. Att'y Gen., for appellee.

Jack Holt, Jr., Chief Justice. The sole issue raised in this appeal concerns the failure of the trial judge to instruct the jury on a lesser included offense. Our jurisdiction is pursuant to Sup. Ct. Rule 29(1)(b).

The appellant was convicted of rape and found to be an habitual offender. He was sentenced to 40 years imprisonment. On appeal, he argues that the trial court erred by not instructing the jury on public sexual indecency as a lesser included offense of rape.

The appellant was charged by information with rape pursuant to Ark. Stat. Ann. § 41-1803(1)(a) (Repl. 1977) for engaging in deviate sexual activity with another person by forcible compulsion. The charge stemmed from an incident that occurred at 9:30 p.m. August 31, 1983 when vice squad officers with the Little Rock Police Department saw the appellant allegedly force a woman to engage in deviate sexual activity with him in Riverfront Park. The appellant's defense at trial was consent by the victim.

At the close of the trial, the appellant requested a jury instruction on public sexual indecency, which was properly refused. Arkansas Stat. Ann. § 41-1811 (Repl. 1977) provides:

> (1) A person commits public sexual indecency if he engages in any of the following acts in a public place or public view:

> (b) an act of deviate sexual activity;

Lesser included offenses are provided for in Ark. Stat. Ann. § 41-105 (Repl. 1977) as follows:

> (2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

> (a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged;

Here, the two offenses each contain an element that the other does not. Rape requires proof of forcible compulsion, while public sexual indecency requires proof that the activity occurred in a public place or in the public view. Therefore, the two crimes do not meet the statutory definition of an included offense since public sexual indecency is not established by proof "of the same or less" than the elements required to prove rape.

■ Furthermore the indictment charging the appellant did not state that the deviate sexual activity occurred in a public place. In *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972), this court held it was not reversible error to refuse to instruct the jury on shoplifting when the appellant was charged with grand larceny. In so holding the court noted that the information did not charge that the merchandise taken was offered for sale by a store. We stated:

> Where the indictment for a greater offense does not contain allegations of all the ingredients of the lesser offense, a conviction of the lesser cannot be sustained, even though the evidence may supply the missing element.

■ We are faced with the same situation here. The information charging the appellant did not allege that the deviate sexual activity occurred in a public place or in the public view. That allegation is a necessary element to a charge of public sexual indecency and it could not be provided by the evidence at trial. *Caton & Headley*, supra. Therefore a conviction of the lesser offense could not be sustained.

■■ This court has recently addressed the subject of lesser included offenses in *Thompson* v. *State*, 284 Ark. 403, 682 S.W.2d 742 (1985). In that case the appellant contended she was entitled to an instruction on theft as a lesser included offense of robbery. We held that an offense is not a lesser included offense solely because a greater offense includes all of the elements of an underlying offense.

> The lesser included offense doctrine additionally requires that the two crimes be of the same generic class and that the differences between the offenses be based upon the degree of risk or risk of injury to person or property or else upon grades of intent or degrees of culpability.

*Thompson*, supra.

■ The court in *Thompson* found theft—the wrongful appropriation of the victim's property—to be of a different nature than robbery—the threat of physical harm to the victim—and therefore not of the same generic class. Here, a charge of public sexual indecency emphasizes the public nature of a deviate sexual act while rape emphasizes the forcible nature of a deviate sexual

8

act. As such they are of a different nature and not of the same generic class. The trial court did not err when it refused to give the requested instruction.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The circumstances of this case cause me to believe that the trial court erred in refusing to give an instruction on public sexual indecency as a lesser included offense of rape by engaging in forcible deviate sexual activity. Arkansas Stat. Ann. § 41-1811(1)(b) (Repl. 1977) provides that a person commits the offense of public sexual indecency if the person engages in an act of deviate sexual activity in public. Arkansas Stat. Ann. § 41-1803(1)(a) provides that the crime of rape is committed by engaging in deviate sexual activities by forcible compulsion. The only difference in these two described crimes is that one is required to be in public and the other by force. The proof in this case tended to show that the appellant forcibly engaged in deviate sexual activity in public. His defense was that the act was voluntary or without force. Both offenses are codified in Chapter 18 (sexual offenses; Ark. Stat. Ann. § 41-1801—41-1825).

Turning now to the lesser included offense statute, Ark. Stat. Ann. § 41-105, we find the following language:

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged . . .

It seems clear to me that proof of public sexual indecency must necessarily be proven in this case to prove deviate sexual activity by forcible compulsion. Indeed I think it is not possible to prove the offense charged in this case was committed without also proving all the elements of public sexual indecency. Obviously the offenses are of the same generic class. The jury may have believed the appellant committed the lesser offense but they were not given the opportunity to decide whether he did or not.

I would reverse and remand for a new trial at which the instruction on the lesser included offense would be given.