**Douglas Wayne THOMPSON, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE; Gary L. Henman, Warden, U.S.P. Leavenworth, Appellees.**

No. 94–1539.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Oct. 21, 1994.

Rehearing Denied Nov. 21, 1994.

---

Grant Gorman, St. Louis, MO (argued) for appellant.

Stacy Anderson, Jefferson City, MO, for appellees.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

Douglas Wayne Thompson appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm the judgment of the District Court.[1]

I.

Douglas Wayne Thompson has an extensive criminal-conviction history and an extensive history of seeking collateral relief, most of which does not need to be repeated here. The tangle of prior proceedings is ably explained in the clear Report and Recommendation of Magistrate Judge Catherine Perry, which the District Court approved.

During an escape from a California prison in 1961, Thompson went on a crime spree that ended in Missouri after he killed a police officer, Herbert Goss, and another man, Ray-

1. The Hon. George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

mond Glover, in separate incidents and separate counties. See *State v. Thompson,* 723 S.W.2d 76, 78–81 (Mo.App.1987).

Thompson was first tried for Glover's murder, convicted in Butler County, Missouri, and sentenced to life. He appealed this conviction, abandoned the appeal, and then 15 years later filed a Missouri Supreme Court Rule 27.26 motion. Thompson's motion was denied, but on appeal that determination was reversed, and the case remanded for an evidentiary hearing. *Thompson v. State,* 569 S.W.2d 380 (Mo.App.1978). After an evidentiary hearing the trial court again denied the motion, and this time the lower court was affirmed. *Thompson v. State,* 651 S.W.2d 657 (Mo.App.1983).

In addition to the Butler County conviction, the defendant has been tried three times for the first-degree murder of Officer Goss. Each time a jury found him guilty. After his first trial he was sentenced to death. Although the conviction was affirmed on direct appeal, *State v. Thompson,* 363 S.W.2d 711 (Mo.) (en banc), *appeal dismissed, cert. denied,* 375 U.S. 47, 84 S.Ct. 168, 11 L.Ed.2d 109 (1963), Thompson was able to get that sentence vacated through a Rule 27.26 proceeding. The prosecutor had failed to disclose to the Court or to the defense material ballistic evidence found at the scene of the crime. *State v. Thompson,* 396 S.W.2d 697 (Mo.1965) (en banc).

After his second trial, in 1966, Thompson was sentenced to life imprisonment. This second sentence was vacated when this Court found that Thompson's jury had been unconstitutionally selected. *Thompson v. White,* 661 F.2d 103 (8th Cir.1981), *vacated and remanded for reconsideration,* 456 U.S. 941, 102 S.Ct. 2003, 72 L.Ed.2d 463 (1982), *sentence vacated on remand,* 680 F.2d 1173 (8th Cir.1982), *cert. denied,* 459 U.S. 1177, 103 S.Ct. 830, 74 L.Ed.2d 1024 (1983). Before this sentence was vacated, however, in 1980, the Missouri Parole Board released Thompson on parole to a detainer placed upon him by the State of California so that he could complete his 1961 California sentence. Thompson served only a few months in California before he was successful in yet another petition for habeas relief and was released

from California custody. He was still, at this time, considered to be a Missouri parolee. See *Thompson v. Missouri Bd. of Parole,* 929 F.2d 396, 397 (8th Cir.1991). Thompson remained under the parole supervision of the Missouri Board of Probation and Parole until January 1983, when his second conviction for the murder of Officer Goss was overturned. It appears that after his second conviction was vacated he was still under parole supervision for Glover's murder. See *State v. Thompson,* 723 S.W.2d 76, 90 (Mo.App.1987).

The State of Missouri tried Thompson again for the murder of Officer Goss; this time the trial took place in Scott County, Missouri. In December 1984 a jury returned a verdict of guilty of first-degree murder, and in January 1985 Thompson was sentenced to life imprisonment. It is that third conviction that this petition for habeas corpus attacks.

Thompson's first challenge to this third conviction took place when he filed a petition for a state writ of habeas corpus. This petition, seeking relief from a Missouri Board of Probation and Parole decision denying Thompson parole, was initially granted. However, when it was transferred to the Missouri Supreme Court, it was denied. *Thompson, supra,* 723 S.W.2d at 90. Thompson then filed a federal petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254, seeking relief from the Board's decision denying parole, a decision based on the 1984 Scott County conviction that petitioner now attacks. The District Court found the Board's refusal to grant parole was vindictive and granted habeas relief. *Thompson v. Armontrout,* 647 F.Supp. 1093, 1096 (W.D.Mo.1986). We affirmed the District Court's decision to grant the petition, but the only relief granted was release on parole. *Thompson v. Armontrout,* 808 F.2d 28, 33 (8th Cir.1986), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987).

As directed by our decision, Thompson was released on parole in 1986. Before the year was over, he informed the Parole Board that he would no longer report to it because, in his view, he had served the maximum five-year parole term. In 1988, Thompson plead-

ed guilty to charges of bank robbery, and he is now serving a twenty-year prison term in Minnesota. The Missouri officials lodged a detainer with the State of Minnesota, claiming Thompson would be subject to the supervision of the Missouri Parole Board after completion of his term in Minnesota. Thompson then filed a petition for a writ of habeas corpus in the District of Minnesota alleging that the Missouri detainer was the product of vindictiveness, and requesting that he be granted complete release from Missouri's custody. The District Court denied this petition. We agreed with the District Court that the detainer was not vindictive, and that Thompson was not entitled to an unconditional release from Missouri custody. However, we did hold that Thompson was entitled to parole credit for the two years' prison time he served because of the State's earlier vindictive denial of parole; thus, Thompson was eligible for parole consideration. *Thompson v. Missouri Bd. of Parole,* 929 F.2d 396, 401–02 (8th Cir.1991).

This appeal comes to us after the District Court adopted the magistrate judge's report and recommendation denying Thompson's newest petition for habeas corpus under 28 U.S.C. § 2254. Thompson urges this Court to hold that the District Court erred when it concluded that only one conviction could be challenged in a single petition, that Thompson had abused the writ, and that even if he had not abused the writ, his claims were procedurally barred and without merit.

## II.

▮ The first issue the District Court considered was which conviction, the Scott or Butler County conviction, Thompson was seeking to challenge. After careful review of the original petition, the first amended petition, and the second amended petition, the Court determined that Thompson intended to challenge his 1984 Scott County conviction for murdering Officer Goss. The Court further determined that if Thompson wanted to challenge the Butler County conviction, he would have to file a separate petition. Thompson asserts this was error. We disagree.

The plain language of 28 U.S.C. § 2254, Rule 2(d) states:

A petition shall be limited to the assertion of a claim for relief against the judgment or judgments of a single state court (sitting in a county or other appropriate political subdivision). If a petitioner desires to attack the validity of the judgments of two or more state courts under which he is in custody or may be subject to future custody, as the case may be, he shall do so by separate petitions.

The rule clearly does not allow Thompson to challenge both the Scott County conviction and the Butler County conviction in one § 2254 petition. Additionally, we do not question the District Court's determination that this petition seeks habeas relief from the December 13, 1984, Scott County Circuit Court judgment. Therefore, we will address only the issues that arise from that trial.

## III.

▮ The State argues that the District Court should have dismissed this petition under the "escape rule."[2]

▮ The "escape rule" generally stands for the proposition that "a criminal defendant who by his escape removes himself from the court's power and process and remains at large during the pendency of his appeal forfeits his right to appeal." *Wayne v. Wyrick,* 646 F.2d 1268, 1270 (8th Cir.1981). The State asserts that whenever prisoners escape they waive all opportunities to have a court

---

**2.** The state argues that Thompson's refusal to report to the Parole Board was an "escape." We assume without deciding that what occurred can properly be characterized as an escape.

In addition, Thompson argues that the State's escape-rule argument is not properly before us, because the State, which won below on other grounds, did not file a cross-appeal. We disagree. The judgment of the District Court dismissed the petition. The State, as appellee, is

urging an affirmance on the basis of Thompson's escape, a ground other than the one relied on by the District Court. This an appellee may do. The State is not seeking any enlarged or different relief, so it was not necessary to file a notice of cross-appeal. We review judgments (here, dismissal of the petition), not decisions on issues. An appellee may urge any ground for affirmance supported by the record.

consider the lawfulness of their custody. The State asks this Court to hold, as a matter of "equity," that when a state prisoner escapes from state custody, that action should disentitle the petitioner to any federal relief, even if the escape did not prejudice or impede the present proceeding.

The escape rule does not reach so far. The Supreme Court has stated that even though the dismissal of an

> appeal pending while the defendant is a fugitive may serve substantial interests, the same interests do not support a rule of dismissal for all appeals filed by former fugitives, returned to custody before invocation of the appellate system. Absent some connection between a defendant's fugitive status and his appeal, ... the justifications advanced for dismissal of fugitives' pending appeals generally will not apply.

*Ortega–Rodriguez v. United States,* —— U.S. ——, —— – ——, 113 S.Ct. 1199, 1207–08, 122 L.Ed.2d 581 (1993).

As we can see no connection between this appeal and Thompson's refusal to appear before the Parole Board, we will not allow the escape rule to bar this appeal.

## IV.

■ Thompson argues the District Court erred when it held that even if Thompson had not abused the writ, he would fail on the merits of his claims.[3] The first claim Thompson raises is that jury instruction number nine allowed the jury to find him guilty of first degree murder if either he, or another, caused the death of Officer Goss. Thus, he argues, the State was relieved of the burden of proving that he, Thompson, killed Officer Goss, and not someone else.

We do not read each jury instruction in isolation from the other instructions. When jury instruction number nine is read in tandem with jury instruction number eight, we can not find that the State was relieved of proving any element of first-degree murder. The State had to prove to the jury beyond a reasonable doubt that Thompson, or someone Thompson knew and with whom he was working for the common purpose of commit-

ting crime, had killed Officer Goss. The mere presence of Thompson at the scene of the crime was not enough to make him responsible for the crime, and the jury was required to find that either Thompson, or the person with whom he was acting, had coolly reflected and fully considered the life of Officer Goss before shooting him, and that, if the accomplice was the actual killer, Thompson acted with him knowingly or purposefully. We agree with the District Court that the jury instructions were not improper.

■ Thompson's next claim is that he was not given proper notice that he would be prosecuted as an aider or encourager. The State argues that Thompson never raised improper-notice allegations in either of his new-trial motions or on direct appeal. Thompson argues that he did raise his notice allegations in his *pro se* motion for new trial.

We give liberal construction to *pro se* motions, but Thompson's motion does not raise notice allegations. The failure to present his allegations to the Missouri courts stands as a procedural bar prohibiting this Court from considering the claim unless Thompson shows cause and prejudice, or actual innocence. Thompson does not argue either, hence the bar stands.

Therefore, we affirm the District Court's determination to separate the Butler County conviction from the Scott County conviction in this petition for writ of habeas corpus, and we affirm the Court's determination that Thompson's habeas claims are either procedurally barred or without merit.

---

**3.** We do not address the question of whether this petition is an abuse of the writ.