Damion Jemon BROWN *v.* STATE of Arkansas

CR 96-73                                929 S.W.2d 146

Supreme Court of Arkansas
Opinion delivered September 16, 1996

*Chris Tarver*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Senior App. Advocate, for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Damion Jemon Brown was charged with capital felony murder for the killing of Jess Brown during an attempted robbery. He was convicted of the lesser included offense of first-degree felony murder and sentenced to life imprisonment. For his sole point on appeal, he contends that the trial court erred in refusing to instruct the jury on the lesser included offense of second-degree murder. We find no merit to the argument and affirm the conviction.

On February 22, 1994, Jess Brown was shot while he was working at Rocky's One Stop convenience store in Little Rock. Subsequently, two men were seen running from the convenience store. Jess Brown died as a result of a single gunshot wound to the

chest and abdomen.

At trial, the State introduced a taped statement made by Damion Brown in which he stated that he and Greg Hogue were standing outside of Rocky's One Stop. The plan was for Brown to stand in the doorway to watch for people while Hogue robbed the store. According to the statement, Damion Brown entered the store first, the store owner pulled a gun, and Damion Brown dropped to the floor. Damion Brown stated that Greg Hogue fired the shot that killed Jess Brown.

Marcus Hall, an employee of Rocky's One Stop, testified that he went to the store on the evening of the shooting to purchase batteries. Hall testified that when he arrived at the store, he observed two men behaving suspiciously at a washeteria next door and warned Jess Brown about them. He stated that Jess Brown had several guns positioned around the convenience store, including one hidden beneath some paper on the counter beside the cash register. Hall further testified that Jess Brown was standing behind the cash register, and Hall was bent over behind Brown searching for batteries when he heard a gunshot and saw that Brown had been shot. The defense presented the testimony of Mark Poindexter, a co-defendant in the case who had testified in a prior proceeding, for the purpose of showing that the robbery was not Damion Brown's idea. Poindexter's entire testimony was read to the jury. Poindexter testified that he, Damion Brown, Greg Hogue, and two others drove in Poindexter's car to a park down the street from Rocky's One Stop in order to commit a robbery. He stated that Damion Brown and Greg Hogue left the car, covered their faces with ski masks or bandannas and, armed with guns, walked to the store. He further testified that he heard a gunshot, and Hogue and Brown ran back to the car.

After the conclusion of all the evidence, the jury was instructed on capital felony murder, the lesser included offense of first-degree felony murder, aggravated robbery, accomplice liability, and the affirmative defense to capital felony murder that Brown did not commit the homicidal act or in any way solicit, command, induce, procure, counsel, or aid in its commission. The jury found Brown guilty of first-degree felony murder and aggravated robbery. The aggravated robbery verdict was merged in the first-degree murder conviction, and Brown was sentenced by the jury to life imprisonment.

On appeal, Brown asserts that the trial court erred in refusing to instruct the jury on the lesser included offense of second-degree murder. Brown was charged by information with capital murder and aggravated robbery. The capital murder count alleged that Brown, acting alone or with one or more persons, committed or attempted to commit aggravated robbery and, in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice caused the death of Jess Brown under circumstances manifesting extreme indifference to the value of human life. Prior to submission of the case to the jury, Brown requested that the jury be instructed on the offense of second-degree murder on the basis that it was a lesser included offense of capital felony murder. Brown proffered an instruction on second-degree murder, and the trial court refused to give the instruction. On appeal, Brown contends that a rational basis existed for the jury to conclude that he, through the transferred intent of Hogue, knowingly caused the death of another person under circumstances manifesting extreme indifference to the value of human life.

■ This court has held that where a rational basis for a verdict of acquittal on the greater offense and conviction on the lesser offense exists, the trial court should give the lesser included offense instruction, and it is reversible error not to do so. *State* v. *Jones*, 321 Ark. 451, 903 S.W.2d 170 (1995). Error occurs when the trial court refuses to give the lesser included instruction where there is the slightest evidence to warrant it. *Id.* Consequently, we must determine whether second-degree murder is a lesser included offense of capital felony murder and, if so, whether there was sufficient evidence to warrant the instruction on second-degree murder.

■ Before an offense will be considered a lesser included offense of a greater one, three basic requirements must be met: (1) the lesser offense must be established by proof of the same or less than all the elements of the greater offense; (2) the lesser offense must be of the same generic class as the greater offense; and (3) the differences between the two offenses must be based upon the degree of risk or injury to person or property or upon grades of intent or degrees of culpability. *Tackett* v. *State*, 298 Ark. 20, 766 S.W.2d 410 (1989). Arkansas Code Annotated § 5-10-101 (Supp. 1995), *Capital murder*, provides in part:

(a) A person commits capital murder if:

(1) Acting alone or with one (1) or more other persons, he commits or attempts to commit rape, kidnapping, vehicular piracy, robbery, burglary, a felony violation of the Uniform Controlled Substances Act, §§ 5-64-101 – 5-64-608, involving an actual delivery of a controlled substance, or escape in the first degree, and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice *causes the death of any person* under circumstances manifesting extreme indifference to the value of human life . . .

(Emphasis added.) Arkansas Code Annotated § 5-10-103 (Repl. 1993), *Murder in the second degree*, provides in part:

(a) A person commits murder in the second degree if:

(1) He *knowingly causes the death of another person* under circumstances manifesting extreme indifference to the value of human life . . .

(Emphasis added.) Second-degree murder, as defined, requires proof that a person "knowingly" cause the death of another person. In contrast, it is settled law that felony murder simply requires that a death be caused in the course of committing a felony. *See Johnson* v. *State*, 252 Ark. 1113, 482 S.W.2d 600 (1973) (first-degree murder conviction upheld where homeowner's daughter accidently shot by father during burglary attempt by appellant). Accordingly, because second-degree murder requires proof of an element not required for proof of felony murder, second-degree murder is not a lesser included offense of felony murder. *See Tackett* v. *State, supra.*

In addition, we have stated:

Where the indictment for a greater offense does not contain allegations of all the ingredients of the lesser offense, a conviction of the lesser cannot be sustained, *even though the evidence may supply the missing element.*

(Emphasis added.) *Henderson* v. *State*, 286 Ark. 4, 688 S.W.2d 734 (1985) (quoting *Caton & Headley* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972)). In the instant case, the information simply charged that Damion Brown or an accomplice caused the death of Jess Brown during the course of a felony. The information did not allege that Brown possessed any culpable mental state in causing the death; an allegation as to a culpable mental state is a necessary

element to the charge of second-degree murder. Therefore, a conviction of the lesser offense could not be sustained, even if, as Brown contends, there was evidence of a knowing mental state. *See Henderson, supra.*

Brown also asserts on appeal that two previous decisions of this court require reversal of his conviction. In *Davis* v. *State*, 317 Ark. 592, 879 S.W.2d 439 (1994), this court held that a single stab wound to the chest penetrating the heart constituted sufficient circumstantial evidence to show that the appellant knowingly caused the death of another. Davis was charged with first-degree murder, and, at his trial, the jury was also instructed on the lesser included offenses of second-degree murder and manslaughter. However, Davis was convicted for the murder of a man with whom he had been living, and he had been seen arguing with the victim within an hour of the estimated time of death. It is clear that *Davis* did not involve a charge of felony murder.

■ Brown's reliance upon the case of *Hill* v. *State*, 303 Ark. 462, 798 S.W.2d 65 (1990) is also misplaced. Hill, like Brown, was charged with capital felony murder committed in the course of a robbery, and, like Brown, he was convicted of first-degree murder. The trial court refused Hill's proffered jury instruction on the lesser included offense of first-degree felony murder and instead erroneously instructed the jury on first-degree murder after premeditation and deliberation. On appeal, Hill challenged the trial court's failure to give the proper instruction on first-degree murder. We set aside Hill's conviction of first-degree murder and reduced his conviction to that of second-degree murder, for which an instruction had been given without objection. Although in *Hill* we said, without discussion, that "within the capital murder charge is the lesser included offense of second-degree murder," it is clear that second-degree murder is a lesser included offense of capital murder only if the accused's mental state is an element of the offense. To the extent that the discussion in *Hill* regarding second-degree murder as a lesser included offense of capital murder may be in conflict with the clearly articulated principles regarding lesser included offenses set forth in *Tacket* v. *State, supra,* and *Henderson* v. *State, supra,* we take this opportunity to clarify *Hill.* Accordingly, we hold that second-degree murder is not a lesser included offense of capital felony murder as set forth in Ark. Code Ann. § 5-10-101(a)(1).

*Ark. Sup. Ct. R. 4-3(h)*

The record has been examined in accordance with Arkansas Supreme Court Rule 4-3(h), and there were no rulings adverse to Brown which constituted prejudicial error.

Affirmed.