Paul RUIZ, Appellant,

v.

Larry NORRIS, Director, Arkansas Department of Correction, Appellee.

Earl VAN DENTON, Appellant,

v.

Larry NORRIS, Director, Arkansas Department of Correction, Appellee.

Nos. 94–3402EA, 94–3403EA.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 2, 1997.

Decided Jan. 3, 1997.

Ray E. Hartenstein, Little Rock, AR, for appellant.

Darnisa Evans Johnson, Assistant Attorney General, Little Rock AR, for Appellee.

Before RICHARD S. ARNOLD, Chief Judge, and JOHN R. GIBSON and WOLLMAN, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

In *Ruiz v. Norris,* 71 F.3d 1404 (8th Cir. 1995), we upheld death sentences imposed on Paul Ruiz and Earl Van Denton for capital murder. The Supreme Court denied certiorari on November 4, 1996. —— U.S. ——, 117 S.Ct. 384, 136 L.Ed.2d 301. Executions have been set for January 8, 1997. The petitioners have now moved to recall our mandate in order to permit them to contend that a decision of the Supreme Court of Arkansas, handed down after our decision, so changes the state-law basis of their convictions as to render their death sentences invalid under the Eighth Amendment.

## I.

We have power to recall our mandate and reconsider a decision "to prevent injustice." 8th Cir. R. 41A. The power is rarely exercised. It is reserved for extreme and necessitous cases. See, *e.g., Walker v. Lockhart,* 726 F.2d 1238, 1265 (8th Cir.1984). "[R]ecall of mandate is an extraordinary remedy." *Id.* at 1267 (concurring opinion). In the present procedural context, moreover, the motion must face an additional hurdle. When the decision in question is, as here, a

denial of a petition for habeas corpus, a motion to recall the mandate to allow consideration of a new ground or contention is the functional equivalent of a second or successive petition for habeas corpus. Such a motion can be granted, and the new ground or contention decided on the merits, only if the case meets the exacting standards for second or successive petitions. *E.g., Simmons v. Lockhart,* 856 F.2d 1144, 1145 (1988). *Cf. Mathenia v. Delo,* 99 F.3d 1476, 1480 (8th Cir.1996) (motion under Fed.R.Civ.P. 60 for relief from judgment in district court treated as second petition for habeas corpus).

Congress has recently changed the conditions under which second or successive applications may be considered and decided on their merits. Anti–Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1217, enacted April 24, 1996. The statute applies to the pending motion. There can be no question of retroactivity, because the motion was filed on December 24, 1996, almost eight months after the new Act became law. The present contention, based as it is on an opinion of the Supreme Court of Arkansas filed after our decision, could not have been made, at least in its precise current form, until after we had decided petitioners' first petition attacking their present convictions and sentences. We therefore apply the portion of the new Act that addresses claims that were not presented in a prior application.

The new statute provides in relevant part:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . .

28 U.S.C. SS 2244(b)(2)(A).[1] In order to make clear how this provision relates to the present case, we state briefly the nature of

---

1. Paragraph (b)(2) of Section 2244 also has a part (B), which we have not quoted because it relates only to new claims based on facts not previously available. The motion before us is based on newly decided law, not newly discovered facts.

petitioners' legal contention asserted in the pending motion to recall the mandate.

■ One of the arguments made by petitioners when they were last before this Court was a so-called "double counting" argument. They contended "that one of the aggravating circumstances presented to the jury duplicate[d] an element of the death-eligible homicides presented to the jury ...." *Ruiz v. Norris, supra*, 71 F.3d at 1407–08. We rejected that argument on the authority of *Perry v. Lockhart*, 871 F.2d 1384 (8th Cir.), *cert. denied*, 493 U.S. 959, 110 S.Ct. 378, 107 L.Ed.2d 363 (1989). *Perry* holds that, under Arkansas law, the substantive definition of capital felony murder narrows the "class of death eligible murderers from all other murderers" by "defin[ing] a specific group of crimes as capital murder eligible for the death penalty." 871 F.2d at 1393. Therefore, we said, "the fact that one or more of the aggravating circumstances considered by the jury may duplicate an element of the robbery or kidnapping homicides eligible for the death penalty, does not render Arkansas's death-penalty scheme unconstitutional or violate the petitioners' rights." *Ruiz*, 71 F.3d at 1408.

Petitioners now contend that a new decision of the Supreme Court of Arkansas, *Brown v. State*, 325 Ark. 504, 929 S.W.2d 146 (1996), destroys the state-law premise of *Perry* and *Ruiz*. *Brown* holds that, under Arkansas law, second-degree murder is not a lesser included offense of capital felony murder. Second-degree murder has as one of its elements, knowingly causing the death of another person. "In contrast, it is settled law that felony murder simply requires that a death be caused [whether by the defendant or another] in the course of committing a felony." *Brown*, 325 Ark. at 508, 929 S.W.2d at 148. Accordingly, petitioners argue, capital felony murder under Arkansas law requires nothing more than that a death be caused. There is nothing to distinguish the offense from ordinary felony murder, known as first-degree felony murder under state law. No narrowing of felony murderers to a smaller class of death-eligible offenders can take place at the guilt stage. Therefore, narrowing must take place at the penalty

stage, and here it did not, because of the duplicative aggravating circumstances.

It is apparent that this claim does not "rel[y] on a new rule of constitutional law ...." The rule of constitutional law has been and remains the same: the Eighth Amendment requires that there be some narrowing, some distinction drawn between murderers in general and death-eligible murderers, either in the guilt phase or in the penalty phase of a capital prosecution. The "new rule" asserted (assuming for the time being that petitioners are reading *Brown* correctly) is a rule of state law, having to do with elements of capital felony murder. Moreover, even if *Brown* had established "a new rule of constitutional law," not merely of state statutory law, petitioners would still not prevail, because this asserted new rule has not been "made retroactive to cases on collateral review by the Supreme Court...." "Supreme Court" in this sentence means the Supreme Court of the United States, and that Court has said nothing about the opinion of the Supreme Court of Arkansas in *Brown*.

Petitioners' motion to recall the mandate does not meet the requirements of Section 2244(b)(2)(A) for new claims in second or successive petitions. This ground alone requires us to deny the motion.

## II.

If we were free to reach the merits of petitioners' argument based on *Brown*, we would still deny the motion to recall the mandate. Another panel of this Court has recently held that *Brown* does not undermine *Perry*. *Wainwright v. Norris*, No. 94–3525EA (8th Cir., January 2, 1997) (order). We agree, and make only a few additional comments.

The Arkansas statute defining capital felony murder, now codified as Ark.Code Ann. § 5–10–101(a) (Supp.1995), sets out the elements of that offense: (1) commission or attempt to commit any of a number of listed felonies, including kidnapping and robbery; (2) a death in the course of any such felony, or in immediate flight therefrom; (3) caused by the defendant or an accomplice; (4) in circumstances manifesting extreme indiffer-

ence to the value of human life. One of the elements of second-degree murder, by contrast, is that the defendant himself knowingly cause the death of another. The latter offense requires two things the former does not: (1) the defendant must be the killer; (2) he must do the killing knowingly. The opinion of the Arkansas Supreme Court does not read out of the capital-felony-murder statute the fourth element ("circumstances manifesting extreme indifference"), and it is this element that performs the constitutionally required narrowing function.

The motion to recall the mandate is denied. The motion for stay of execution is also denied.

It is so ordered.