**Robert Allen WALLS, Petitioner,**

v.

**Michael S. BOWERSOX, Respondent.**

**Nos. 97–1936, 97–1978.**

United States Court of Appeals, Eighth Circuit.

Submitted June 23, 1999.

Filed June 24, 1999.

Stacy Anderson, Jefferson City, MO, argued, for Petitioner.

Martin Hadican and Mary Elizabeth Orr, St. Louis, MO, argued, for Respondent.

Before: BEAM, LOKEN, and MURPHY, Circuit Judges.

BEAM, Circuit Judge.

Robert Allen Walls is under a death sentence as a result of a conviction for capital murder. The execution is scheduled for June 30, 1999.

Mr. Walls earlier challenged his conviction in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a part of this challenge, he raised the issue of the effectiveness of his trial counsel as measured by the standards announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The district court found that counsel was ineffective at the penalty stage of the state court trial and granted the writ. Upon review, this court reversed that holding and reinstated the death penalty. *See Walls v. Bowersox,* 151 F.3d 827, 837 (8th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1468, 143 L.Ed.2d 552 (1999).

Mr. Walls has now filed motions asking this court to recall its mandate and to stay his execution. We deny both motions.

■ As asserted by the state, we have held that a motion to recall the mandate is the functional equivalent of a second or successive petition for habeas corpus. *See Ruiz v. Norris,* 104 F.3d 163, 164 (8th Cir.1997). And, since we fully considered in our earlier opinion the issue of prejudice under the second test in *Strickland,* now raised here, the motion to recall constitutes a successive petition. That being so, we are very likely precluded by 28 U.S.C. § 2244(b) from reviewing the subject matter of the claim. Nonetheless, we choose to briefly discuss the merits of Mr. Walls's present contentions.

■ Mr. Walls bases his requests on the grant of certiorari by the Supreme Court in *Williams v. Taylor,* 163 F.3d 860 (4th Cir.1998), *cert. granted,* —— U.S. ——, 119 S.Ct. 1355, 143 L.Ed.2d 516 (1999). The question presented in *Williams* deals with the so called "windfall" analysis articulated in *Fretwell.*

In *Fretwell,* the Supreme Court, in analyzing the contours of the term "prejudice" within the meaning of *Strickland,* held that the granting of a writ based on failure of counsel to mount an objection based upon case law in effect at the time of the trial but later overruled would create a "windfall" to which Fretwell was not entitled. *See Fretwell,* 506 U.S. at 366, 113 S.Ct. 838. The Supreme Court then enunciated a test based upon the fundamental fairness and reliability of the trial. *See id.* at 372, 113 S.Ct. 838.

Walls contends that the question presented in *Williams* dealing with a purported reformulation of the *Strickland* standard by the Fourth Circuit in application of the *Fretwell* windfall ruling applies to his case as well. We disagree.

Our holding was based upon a straight forward application of *Strickland.* Most importantly we found, and properly so, that trial counsel functioned "as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. As a result, we had no need to reach, and have no need to reach today, the issue of prejudice, the second part of the two-part test established by *Strickland.* And, even if we were to reach the issue of prejudice as we did in the alternative in our earlier opinion, our analysis clearly passes muster under a strict application of *Strickland* without any so called "reformulation" to accommodate a *Fretwell* test.

Finally, we note that Mr. Walls's petition for certiorari seeking review of our 1998 opinion was denied by the Supreme Court on April 19, 1999, after the April 5, 1999, grant of certiorari in *Williams.* If we per chance misapprehend the importance of these dates and acts insofar as Mr. Walls's current contentions are concerned, there is yet sufficient time for Mr. Walls to again seek relief in the Supreme Court.

Accordingly, we deny the motion to recall the mandate and given that holding we see no reason to stay the execution. That motion is denied as well.