# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2571EM

_____

| | | |
|---|---|---|
| Douglas W. Thompson, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Missouri. |
| Jeremiah W. Nixon and | * | |
| Page True, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 13, 2001

Filed: November 27, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
 Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Douglas Wayne Thompson filed his latest petition for post-conviction relief under 28 U.S.C. § 2254 in the Eastern District of Missouri in September 1995. This petition was denied in April 1997. Thompson then filed an Application for Certificate of Appealability in our Court, which we denied on October 28, 1997. Our mandate issued November 21, 1997. The Supreme Court denied certiorari. Thompson v. Nixon, 523 U.S. 1050 (1998). Thompson next filed a motion to recall

the mandate in our Court, which was denied on February 14, 2000.  Now Thompson again moves to recall our mandate, basing his contention on a recent Supreme Court decision, <u>Fiore v. White</u>, 531 U.S. 225 (2001) (per curiam), which he argues renders his conviction invalid under the Due Process Clause of the Fourteenth Amendment. We hold that his claims are successive and must be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

## I.

Douglas Wayne Thompson has had an extensive post-conviction history in our Court.  We have evaluated three of Thompson's petitions for post-conviction relief in the past.  All three petitions are the result of Thompson's conviction in 1984 of first-degree murder for the death of a police officer, Herbert L. Goss.  The history of these petitions is discussed in detail in our 1994 decision affirming the District Court's decision to deny one of Thompson's petitions for post-conviction relief.  See <u>Thompson v. Missouri Bd. of Prob. & Parole</u>, 39 F.3d 186 (8th Cir. 1994).  Therefore, this discussion will focus only on Thompson's present motion to recall our mandate.

Thompson's primary contention is that this Court should recall its mandate because of a recent Supreme Court decision,  <u>Fiore v. White</u>, <u>supra</u>.  In <u>Fiore</u>, the Court was presented with the question of whether a state is required to apply a "new interpretation of a state criminal statute retroactively to cases on collateral review" in order to satisfy the Due Process Clause of the Fourteenth Amendment.  <u>Id.</u> at 226. The Court suggested that a new interpretation of a state statute that "merely" clarifies the statute should apply to cases on collateral review.  <u>Id.</u> at 228 (internal citation omitted).  On the basis of <u>Fiore</u>, Thompson argues that recent Missouri Supreme Court decisions holding that the element of deliberation may not be imputed to a co-defendant for first-degree murder must be applied retroactively in order to comply

with the Due Process Clause. See State v. Ferguson, 887 S.W.2d 585 (Mo. 1994) (en banc).

## II.

The standard for recalling a mandate in habeas corpus litigation is a strict one. Calderon v. Thompson, 523 U.S. 538 (1998). The power to recall a mandate should be exercised only in "extraordinary circumstances." Id. at 550. The Court stated in Calderon that "[t]he sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." Id. Thompson has not presented an argument that meets this stringent standard.

Thompson argues that our mandate should be recalled due to the recent decision by the Supreme Court in Fiore. However, in order to do so, we must determine if the Fiore decision qualifies as an "extraordinary circumstance" required by Calderon to recall a mandate. A new holding by the Supreme Court does not necessarily meet this standard. New decisions will of course be handed down by the Supreme Court each year. If we were to adopt Thompson's argument, every new Supreme Court decision could be considered an "extraordinary circumstance" and a sufficient basis to recall a mandate.

A motion to recall a mandate in habeas corpus litigation also must be measured against statutory limitations. A motion to recall a mandate is analyzed as a successive petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2244; Ruiz v. Norris, 104 F.3d 163, 164 (8th Cir.), cert. denied, 519 U.S. 1073 (1997). Therefore, in order for our mandate to be recalled, the standard for successive petitions must be met. The statute states, in relevant part:

(b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[.]

We first must determine if Thompson's claims were presented in a prior petition.  If they were presented in a prior petition, they must be dismissed in accordance with 28 U.S.C. § 2244(b)(1).

As we have noted, when Thompson was tried, the jury was instructed that he could be convicted of first-degree murder if the killing was committed by a co-defendant, and if the co-defendant had the deliberative and coolly reflective state of mind required by state law.  The instruction did not require that the jury find that Thompson himself had this state of mind.  Later decisions of the Supreme Court of Missouri, e.g., State v. Ferguson, 887 S.W.2d 585 (Mo. 1994) (en banc), State v. O'Brien, 857 S.W.2d 212 (Mo. 1993) (en banc), and State v. Ervin, 835 S.W.2d 905 (Mo. 1992) (en banc), cert. denied, 507 U.S. 954 (1993), hold that the instruction given in Thompson's case was incorrect.  The defendant himself must have deliberated coolly, according to these later cases, or he cannot be convicted of first-degree murder.  Thompson argues that under Fiore the Due Process Clause requires that these later state-court decisions be applied to his case.  These decisions, he argues, and not without reason, say that the instruction given in Thompson's case was wrong at the time of his trial and should never have been used.

Fiore is a new argument in support of this claim, but the claim itself has been presented in prior petitions.

Thompson first argued that he was convicted under incorrect jury instructions and was therefore entitled to post-conviction relief in our Court in 1994. See Thompson v. Missouri Bd. of Prob. & Parole, 39 F.3d 186 (8th Cir. 1994), cert. denied, 514 U.S. 1113 (1995). In that action, we affirmed the District Court's denial of Thompson's petition challenging the jury instruction in question. Because the jury instruction was phrased in the disjunctive, Thompson argued that the state was relieved of its burden of proving that he, and not someone else, had the requisite deliberate state of mind. However, we concluded that "[w]hen jury instruction number nine is read in tandem with jury instruction number eight, we can not find that the State was relieved of proving any element of first-degree murder." Thompson, 39 F.3d at 190. We affirmed the District Court's decision and found that Thompson was not entitled to relief.

Thompson again argued that the jury instruction was incorrect because it failed to describe all elements of the charge in his next petition for post-conviction relief, in September 1995. The District Court determined that this claim was successive because it had been "fully and fairly litigated in the petitioner's earlier 1994 petition." App. 24. Therefore, the Court dismissed the claim pursuant to Rule 9(b) of the rules governing habeas corpus.

Thompson then presented his contentions regarding the incorrect jury instructions to our Court in his Application for Certificate of Appealability in October 1997. He relied on the Due Process Clause of the Fourteenth Amendment. Thompson argued that the jury instruction which allowed the jury to find deliberation by either himself "or another" violated both Missouri's homicide law and the Due Process Clause. He pointed out that the Missouri Supreme Court had clarified homicide law in Ferguson, O'Brien, and Ervin. Because this Court (he said) had

-5-

ignored controlling state law and upheld a conviction in which "the State did not have to prove [Thompson] deliberated," Thompson argued he was denied due process. App. 33 (original emphasis omitted). We denied this application.

Fiore, of course, was still in the future at that time. But Thompson did specifically argue he had been convicted under jury instructions later found erroneous by the Missouri Supreme Court, and that he was thus being deprived of liberty without due process of law. In addition, he himself has acknowledged, in his motion to recall the mandate, that "[m]ovant sought habeas corpus relief from this Court in 1994 and in 1997 on the above issues, but in both cases the Court turned deaf ears to obvious violations of the United States Constitution." Aplt. Motion to Recall Mandate at 3 (Jan. 2001).

The statute, 28 U.S.C. § 2244(b)(1), is worded in an uncompromising fashion. If a claim was presented in a previous habeas application, it "shall be dismissed." This limitation is binding on all lower federal courts. It would not apply to an application for collateral relief in the Missouri state courts, nor would it apply to a so-called "original" habeas proceeding in the Supreme Court of the United States, but it does indisputably apply to us. Does the handing down of the Fiore decision, and Thompson's present reliance on it, make his claim a new one, as opposed to one presented in a previous petition? We think not. Fiore simply provides a new argument (the merits of which we need not explore) in support of the same due-process claim that has been presented twice before.

Thompson cites Ruiz v. Norris, 104 F.3d 163 (8th Cir.), cert. denied, 519 U.S. 1073 (1997). There, habeas petitioners moved to recall a mandate "in order to permit them to contend that a decision of the Supreme Court of Arkansas, handed down after our decision, so change[d] the state-law basis of their convictions as to render their death sentences invalid under the Eighth Amendment." Id. at 164. We denied relief, treating petitioners' claim as a new one and holding that it did not meet the standards

of 28 U.S.C. § 2244(b)(2). In deciding to treat the claim in this way, we observed as follows:

> The present contention, based as it is on an opinion of the Supreme Court of Arkansas filed after our decision, could not have been made, at least in its precise current form, until after we had decided petitioners' first petition attacking their present convictions and sentences. We therefore apply the portion of the new Act that addresses claims that were not presented in a prior application.

Id. at 164.

Thompson's argument based on Ruiz runs as follows: like the new Supreme Court of Arkansas opinion involved in Ruiz, Fiore had not been decided when we last visited Thompson's due-process contentions. Accordingly, his present claim could not previously have been made "in its precise current form . . .." It must therefore be evaluated as a claim not presented in a prior application, and measured against the standards of 28 U.S.C. § 2244(b)(2). It should not simply be dismissed out of hand as a successive claim under 28 U.S.C. § 2244(b)(1).

We do not think that the language in Ruiz will bear the weight that Thompson seeks to place upon it. We do not read Ruiz as holding that every claim differing in any respect, however minute, from its previous incarnation therefore automatically escapes the strictures of § 2244(b)(1). Rather, we understand Ruiz to hold that the claim involved there, even if treated as a new claim, could not be entertained, because it simply did not meet the requirements of ¶ (2) of § 2244(b). In the present case, Thompson has already argued at least once that the refusal to apply new Missouri Supreme Court opinions to his situation is a violation of due process. We rejected that contention. The Supreme Court then decided Fiore. Thompson claims that this new case strengthens his position. Maybe so, but the new case is simply a new

argument, or a new citation, in support of a claim that has already been made and rejected.

We have considered Thompson's other contentions and hold they are without merit.

Accordingly, the motion for recall of mandate is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.